UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division



JULIET WRIGHT,

    Plaintiff,

v.                                    ACTION NO. 4:12cv152

WILLIAMSBURG AREA MEDICAL
ASSISTANCE CORP. (WAMAC),

    Defendant.

## MEMORANDUM DISMISSAL ORDER

Plaintiff filed this pro se action and a related case arising from the same facts, Action No. 4:12cv153. Both actions allege employment discrimination pursuant to the Americans with Disabilities Act ("ADA"). No party requested merger or consolidation of these two actions. Accordingly, the cases proceeded along separate paths, although each arises out of Plaintiff's employment as a nurse.

### Procedural History

Plaintiff's original Complaint in this matter was a narrative account of her employment. Ascertaining the basic facts and claims she asserted was challenging. The Complaint did not clearly identify Plaintiff's claimed disability or what accommodations she had sought. This led to the court granting Defendant's Motion to Dismiss, but permitting Plaintiff an opportunity to file an Amended Complaint that set forth her claims with more clarity. Plaintiff

submitted an Amended Complaint, albeit untimely. Showing Plaintiff deference because of her *pro se* status, the court granted leave for the filing of the Amended Complaint.

The Amended Complaint is a twenty-seven page document, again in a narrative format. The Amended Complaint does not set forth counts or delineate Plaintiff's claims with any precision. The Amended Complaint does, however, focus this action on Plaintiff's asthma, which she claims substantially interferes with her breathing.[1] The primary accommodation discussed in the Amended Complaint is a "fragrance-free" workplace, although Plaintiff also references that she should have been permitted to work in the mobile van only rather than in the clinic and that her work hours should have been reduced.

In response to the Amended Complaint, Defendant filed a Motion to Dismiss, to which Plaintiff responded. Defendant did not reply. The undersigned referred this matter to United States Magistrate Judge Leonard for a Report and Recommendation. On January 9, 2014,

---

[1] Plaintiff's companion case, Action No. 4:12cv153, focuses on Plaintiff's tremors as the disabling condition. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation in this case discusses Plaintiff's tremors, so Plaintiff apparently contends that tremors should also be considered in this action as well. Plaintiff did mention tremors in the Amended Complaint in this action, but the court agrees with the Report and Recommendation that they were not the focus of the Amended Complaint. Nor would tremors present a viable claim because no substantial limits on a life activity are identified and because Plaintiff did not establish that she exhausted claims about tremors with the EEOC.

Magistrate Judge Leonard recommended that the Motion to Dismiss be granted. Plaintiff objected to the Report and Recommendation, and Defendant responded to Plaintiff's objections.

The court has considered the Report and Recommendation and Plaintiff's objections thereto. After a *de novo* review, the court concludes, as did Magistrate Judge Leonard, that this action should be dismissed.

## Subject Matter Jurisdiction

A threshold task of the court is to determine whether it has jurisdiction to consider Plaintiff's claims. In a disability discrimination case under the ADA, a district court has jurisdiction to consider only those claims that were administratively exhausted before the EEOC. Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009) ("[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim."); Sydnor v. Fairfax County, Va., 681 F.3d 591, 593 (4th Cir. 2012) ("[m]odeled after Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the ADA incorporates that statute's enforcement procedures, *id.* § 12117(a), including the requirement that a plaintiff must exhaust his administrative remedies by filing a charge with the EEOC before pursuing a suit in federal court"). Plaintiff bears the burden of proving that subject matter jurisdiction exists. Piney Run Preservation Ass'n v. Cnty.

Comm'rs of Carroll Cnty., 523 F.3d 453, 459 (4th Cir. 2008). Here, Plaintiff had full access to the documents that could have readily established jurisdiction, but she elected to not provide them initially and to provide only partial documentation subsequently.

The Magistrate Judge recommended dismissing this action for lack of jurisdiction because Plaintiff failed to establish in the Amended Complaint that she administratively exhausted her claims prior to filing this suit. Undoubtedly, the Amended Complaint does not itself contain sufficient factual content to establish that Plaintiff brought an administrative charge against the named Defendant in this action and that charge encompassed Plaintiff's allegations in this case. This deficiency would by itself warrant dismissal of the Amended Complaint.

But, in recognition of Plaintiff's *pro se* status, the court has looked beyond the Amended Complaint to ensure that no technical pleading deficiency dooms an otherwise valid claim. Plaintiff had referenced obtaining a right to sue letter and had attached it to her original Complaint, so the court was aware that the EEOC had, in some manner, investigated a claim made by Plaintiff. Plaintiff did eventually produce her EEOC Charge when objecting to the Report and Recommendation. D.E. # 40 at 20. The Charge was not presented to the Magistrate Judge, but this court can and does now consider the Charge itself to resolve the jurisdictional issue. See Balas v. Huntington Ingalls Indus., 711 F.3d 401, 408 (4th Cir. 2013)

("In determining what claims a plaintiff properly alleged before the EEOC, we may look only to the charge filed with that agency.").

The Charge does not, however, help Plaintiff in bearing her burden of establishing this court's subject matter jurisdiction over her claims. The Charge, in its entirety, states:

> I have been employed with this company since July 2003 and my position is Licensed Practical Nurse. On January 28, 2010, I submitted documentation to be completed by the Nurse Practitioner and sent to Social Security. Since that time I have been harassed (i.e. receiving a memo stating I could not perform my job, that I should resign, not completing and forwarding the form to Social Security, not allowing me a witness at the County Meeting, and being sent to the County doctor).
> Martha Klinger, Nurse Practitioner, and Pete Peterson, Assistant Director/Human Resources, have not given any reason for their repeated and unnecessary harassment.
> I believe I have been discriminated against because of my disability in violation of the Americans with Disabilities Act of 1990, as amended, and the Virginia Human Rights Act, VA Code 2.2-3900B et seq.

D.E. # 40 at 20.

This court has jurisdiction to consider only "those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation [of that complaint]." Jones, 551 F.3d at 300 (quotations omitted). A plaintiff fails to exhaust when the "administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit." Chacko v. Patuxent Inst., 429 F.3d 505, 506 (4th Cir. 2005). If a plaintiff's Title VII claims "exceed the scope of the EEOC charge and any charges that would

5

naturally have arisen from an investigation thereof, they are procedurally barred." Balas v. Huntington Ingalls Indus., 711 F.3d at 407 (quotations omitted).

Unfortunately, such is the case here. Plaintiff's Charge does not mention asthma, the need for a fragrance-free workplace, or indeed any other specific claimed disability. It does not mention tremors or any of the medical problems referenced in the Amended Complaint. It does not mention any request by Plaintiff for any accommodations. It does not mention Plaintiff's termination as the Charge was filed prior to her termination.[2] It does not even state that the Social Security forms Plaintiff asked the employer to fill out were related to any disability; this is, at best, only loosely implied. The Charge mentions two individuals not named as Defendants here.

This court cannot conclude that the claims asserted in the Amended Complaint would have reasonably flowed from the investigation of the claim actually presented to the EEOC as set forth in the Charge.[3] As the Fourth Circuit explained, "[w]hile we

---

[2] The Charge is dated March 8, 2010. Plaintiff was terminated on April 20, 2010. D.E. # 30 (Amended Compl. ¶ 7).

[3] The court further notes that neither party provided the court with any information about what the EEOC actually considered. Plaintiff did produce a letter stating that the EEOC had found cause to believe Plaintiff was "harassed and discharged in violation of the Americans with Disabilities Act of 1990, as amended." D.E. # 40 at 21. The letter contains no information about the basis of that finding. Because Plaintiff provided no other detail, the court cannot conclude that she has met her burden

recognize that EEOC Charges often are not completed by lawyers and as such 'must be construed with utmost liberality,' we are not at liberty to read into administrative charges allegations they do not contain." Id. at 408 (citations omitted). Therefore, based on the evidence presented by Plaintiff and the evidence in the record, the court cannot conclude that Plaintiff met her burden of establishing that this court has subject matter jurisdiction to consider the claims of disability discrimination and failure to accommodate as set forth in the Amended Complaint. See Baiden-Adams v. Forsythe Transp., Inc., ___ F. Supp. 2d ___, 2013 WL 4759052 (E.D. Va. Sept. 4, 2013) (dismissing unexhausted claims despite Defendant's claimed awareness of Plaintiff's allegations).

### ADA Retaliation Claims

Plaintiff checked the "disability" discrimination box on the EEOC Charge form, not the "retaliation" box. Nonetheless, because the facts set forth in Plaintiff's Charge are most closely related to a retaliation claim and because it appears that the court would have subject matter jurisdiction to consider a retaliation claim given its apparent exhaustion, the court considers whether Plaintiff's Amended Complaint sets forth a viable ADA retaliation claim.

---

of establishing jurisdiction. It is not the court's burden to conduct an investigation to unearth facts that could establish jurisdiction.

7

The facts set forth by Plaintiff in the Charge indicate that Plaintiff contended she was "harassed," after she asked her employer to fill out a Social Security form. An employee claiming ADA retaliation must show that the employee engaged in protected activity under the ADA, or, in this case, that Plaintiff was pursuing rights granted by the ADA as opposed to pursuing rights under the Social Security Act. The protections afforded disabled persons under the ADA are not co-extensive with the protections afforded by the Social Security Act. Here, Plaintiff failed to show that she was retaliated against for activity protected under the ADA. As expressed by another court considering the same issue:

> An ADA retaliation claim is viable if it is based on the exercise of rights under chapter 126 of Title 42, United States Code. *See* 42 U.S.C. § 12203(a). The exercise of social security disability rights is not an exercise of rights under that chapter. Instead, social security rights are governed by chapter 7 of Title 42. Because the factual predicate alleged in the First Amended Verified Complaint is solely based on Larson's alleged exercise of social security rights, not rights under the ADA, Larson fails to establish the element that he engaged in an activity protected under the ADA.

Larson v. Liberty Mut. Fire Ins. Co., No. 09-00308, 2010 WL 3946465, *3 (D. Haw. Sept. 28, 2010).

Relatedly, the statute invoked by Plaintiff as the basis for her claim, 42 U.S.C. § 12203, forbids discrimination against an individual "because the individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an

8

investigation, proceeding, or hearing under this chapter." Id. The acts identified by Plaintiff in the Charge predate the Charge obviously, so the second portion of the statute does not apply.[4] Plaintiff could have contended that she was retaliated against for requesting accommodations. Requests for accommodation would qualify as protected activity, and if Plaintiff alleged that she suffered an adverse employment action or actions that would deter a reasonable employee from pursuing her rights as a result of her requests for accommodation, Plaintiff's claim could be cognizable. Plaintiff did not make these allegations. The Charge does not state that Plaintiff was retaliated against for requesting accommodations. Likewise, the Amended Complaint cannot be fairly construed as asserting this claim.[5]

Therefore, Plaintiff has failed to establish that she engaged in any protected activity under the ADA that caused the allegedly retaliatory acts. Because Plaintiff has already been given an opportunity to amend her Complaint and because the court cannot concoct for Plaintiff claims that have not been stated, the Court concludes that no viable retaliation claim has been stated.

---

[4]The Amended Complaint does not claim that Plaintiff was retaliated against or terminated for filing an EEOC Charge. Indeed, the Amended Complaint does not mention Plaintiff's EEOC activity other than to note that the employer provided a job description to the EEOC. D.E. # 30 at 18.

[5]Indeed, Magistrate Judge Leonard properly did not construe the Amended Complaint as asserting a retaliation claim.

9

### Failure to Establish Any Other Viable Claim

Finally, Plaintiff references a variety of other acts not raised in her original Complaint, such as alleged "negligent hiring" practices, the facility's failure to adopt a fragrance-free policy on behalf of the public, the fact that a witness in the case wore fragrance to a deposition intending to cause Plaintiff respiratory distress, and a 2008 "assault" by another employee. The Amended Complaint is not clear as to whether Plaintiff intends these references to constitute causes of action. To the extent Plaintiff intends that these acts support her claims of disability discrimination under the ADA, the acts were not exhausted, so the court cannot consider them for lack of subject matter jurisdiction as set forth above. Any claim pursuant to Title III of the ADA would be time-barred. The acts that would give rise to such a claim accrued in 2008, when Plaintiff was a patient at the medical facility. Because this suit was filed in 2012, such a claim would be time-barred pursuant to the one-year statute of limitations. Lewis v. Aetna Life Ins. Co., 993 F. Supp. 383, 385 (E.D Va. 1998) (overruled on other grounds by Lewis v. Kmart Corp., 180 F.3d 166, 168 n.2 (4th Cir. 1999)).

Plaintiff mentions that two individuals not named as Defendants engaged in "negligent hiring" practices because the evaluation process for employees did not rely on objectively measurable benchmarks and because her actual job duties did not match those in

the job description pursuant to which she was hired. These individuals were not employees of the Defendant named in this case, so there is no legally recognized basis for holding Defendant liable for any of these acts. Plaintiff also describes an alleged "assault" by another employee. The conduct occurred in 2008, so any tort-claim would be time-barred under Va. Code § 8.01-243, and this court could not grant relief against a non-party in any event. Finally, Plaintiff complains that a witness for the Defendant intentionally wore fragrance during a deposition in the companion case, knowing it would cause Plaintiff respiratory distress. Plaintiff states that this action is criminal and that it was in "retaliation" for Plaintiff's bringing this suit. This court cannot consider the alleged criminality of acts of a non-party in this action, and these acts were not exhausted before the EEOC. Therefore, none of Plaintiff's additional allegations support a viable claim.

## Conclusion

For the reason set forth herein, the court **ACCEPTS** Magistrate Judge Leonard's recommendation that this action be dismissed, and overrules Plaintiff's objections to that recommendation. The court **GRANTS** Defendant's Motion to Dismiss.

Plaintiff may appeal from this Memorandum Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Newport News Division, 2400 West Avenue,

Newport News, Virginia 23607. Said written notice must be received by the Clerk within thirty (30) days from the date of this Memorandum Dismissal Order. The Clerk is **DIRECTED** to send a copy of this Memorandum Dismissal Order to Plaintiff and to counsel for Defendant.

IT IS SO **ORDERED**.

/s/ RBS
Rebecca Beach Smith
Chief
United States District Judge

March 18, 2014